# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00524-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CHRISTOPHER STEWART,
2. TERRY SAMUEL,

    Defendants.

## ORDER GRANTING DEFENDANT SAMUEL'S UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

**Brimmer, J.**

The matter before me is the Defendant Samuel's Motion to Declare Case Complex Pursuant to the Speedy Trial Act, 18 U.S.C. Section 3161(h)(8)(B)(ii) [Docket No. 59], filed March 9, 2009.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h)(7)(B)(ii)[1], which identifies as a factor for the Court's consideration "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" that it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial.

---

[1] Although defendant Samuel cites Section 3161(h)(8)(B)(ii), the Court will construe his motion to refer to Section 3161(h)(7)(B)(ii) given the recent renumbering of the subsections of the statute.

I find that this two-defendant case is not so unusual or so complex, despite the DNA issues in the case, that a continuance pursuant to Section 3161(h)(8)(B)(ii) is appropriate. However, at oral argument on the motion on March 11, 2009, counsel for defendant Samuel moved in the alternative for a continuance under the other provisions of Section 3161(h)(7), which provide, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill,* 197 F.3d 436, 440 (10th Cir. 1999). It requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best

2

interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests

of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

Defendant Samuel bases his motion on several factors. First, his need to read and analyze DNA evidence regarding the allegedly positive match between his DNA and DNA evidence recovered from a possible getaway car. Second, the need to review and analyze DNA evidence from tests of defendant Stewart's DNA sample, which tests have not yet been completed and the results of which may not be available for at least two weeks. Third, his need to review discovery produced by the government on March 11, 2009 regarding a witness who claims to have overheard inculpatory statements by both defendants regarding their involvement in the charged bank robberies and to conduct an impeachment investigation regarding that witness's criminal history. The trial is set for March 23, 2009. Defendant Samuel asks that 45 days be excluded from the 70-day speedy trial deadline, with the trial starting no sooner than 60 days from the date currently set for trial.

The United States does not oppose the motion. Defendant Stewart does not oppose the motion to continue even if it results in the trial being delayed for 60 days, as confirmed by his counsel after conferring with defendant Stewart at the March 11, 2009 motions hearing.

4

I find that it would be unreasonable to expect adequate preparation by defendant Samuel, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and allowed under my Order of February 18, 2009 [Docket No. 38], which granted a previous request of defendant Samuel for an ends of justice continuance. I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Defendant has not indicated how much time he needs to accomplish the tasks that are the basis of his request. I find that an additional 45 days would allow defendant Samuel sufficient time to receive and analyze the DNA evidence and investigate the newly-disclosed evidence regarding what appears to be the government's principal witness against him. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence, failure to grant the motion would deny counsel for defendant Samuel the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 45 days from March 11, 2009, should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendant Samuel's Motion to Declare Case Complex Pursuant to the Speedy Trial Act, 18 U.S.C. Section 3161(h)(8)(B)(ii) [docket No. 59] is **GRANTED IN PART** and **DENIED IN PART**. The request to declare the case complex is denied, but the motion for an ends of justice continuance is granted. It is further

2. **ORDERED** that the trial currently scheduled to begin on **March 23, 2009** is **VACATED** and continued to **June 1, 2009.** It is further

3. **ORDERED** that a trial preparation conference is set for **May 27, 2009 at 1:30 p.m.** It is further

4. **ORDERED** that an additional 45 days from March 11, 2009, shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED March 11, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge